CONSILIUM TECH CLEVELAND RE LLC
504 W. Juneau Avenue
Milwaukee, WI 53203,

        *Plaintiff*,

    *v.*

TIMBERDELL FARMS, LLC
454042 E. 304 Road
Afton, Oklahoma 74331,

MICHAEL HENRY
454042 E. 304 Road
Afton, Oklahoma 74331,

    *and*

BARRY SWITZER
700 W. Timberdell Road,
Norman, Oklahoma 73072.

        *Defendants*.

Case No. 2:26-cv-480

Case Codes: 290

## COMPLAINT

Plaintiff Consilium Tech Cleveland RE LLC ("Consilium"), by its attorneys, Stafford Rosenbaum LLP, for its complaint against Defendants Timberdell Farms, LLC ("Timberdell"), Michael Henry, and Barry Switzer (collectively "Defendants") alleges and states as follows:

### NATURE OF THE CASE

1. On or about January 15, 2026, Consilium entered into a Real Estate Purchase Agreement (the "Agreement") with Timberdell (d/b/a Timber Dell Farms, LLC), Mr. Henry, and Mr. Switzer. Pursuant to the Agreement, Timberdell agreed to purchase from Consilium real

property situated in Cleveland, Ohio for $8 million, with the transaction scheduled to close no later than March 3, 2026. Mr. Henry and Mr. Switzer personally guaranteed that transaction.

2.      Consilium was prepared to close and provided all documentation and other deliveries necessary for the transaction to close on March 3, 2026. With little advance warning and without valid justification, Defendants refused to go through with the closing of the transaction. Consilium promptly informed Defendants that such a refusal was a breach of the Agreement, imploring Defendants to close the transaction as agreed-upon. Despite Consilium's efforts to encourage compliance, Defendants refused to fulfill their contractual obligations.

3.      This action seeks to compel the closing of the transaction contemplated by the January 15, 2026 Agreement or, alternatively, to compensate Consilium for damages suffered on account of the lost sale.

### *PARTIES*

4.      Plaintiff Consilium Tech Cleveland RE LLC is an Ohio limited liability company with its principal place of business located at 5800 Diamond Avenue, Cleveland, Ohio 44104.

5.      Consilium is owned by 3LP Investments LLC, which is a Wisconsin limited liability company, and Atlantic TLP LLC, which is a Wisconsin limited liability company. 3LP Investments LLC and Atlantic TLP LLC are each 50% owners of Consilium.

6.      3LP Investments LLC is wholly owned by Matthew Burow. Mr. Burow is a natural person and a citizen of the United States of America who resides in and is domiciled in Wisconsin.

7.      Atlantic TLP LLC is wholly owned by Patrick Connaughton. Mr. Connaughton is a natural person and a citizen of the United States of America who resides in and is domiciled in New Hampshire.

2

8.      Upon information and belief, Timberdell Farms, LLC is an Oklahoma limited liability company with a principal place of business at 454042 E. 304 Road, Afton, Oklahoma 74331.

9.      Upon information and belief, Timberdell Farms, LLC is owned by Michael Henry and Barry Switzer.

10.     Upon information and belief, Michael Henry is a natural person and a citizen of the United States of America who resides at 454042 E. 304 Road, Afton, Oklahoma 74331, and is domiciled in Oklahoma.

11.     Upon information and belief, Barry Switzer is a natural person and a citizen of the United States of America who resides at 700 W. Timberdell Road, Norman, Oklahoma 73072, and is domiciled in Oklahoma.

12.     Upon information and belief, no owner of Timberdell Farms, LLC is domiciled in the same state as Consilium or Consilium's ultimate ownership.

13.     Upon information and belief, Timberdell Farms, LLC's registered agent for process is Michael Shane Henry at 1437 S. Boulder Avenue, Ste. 1200, Tulsa, Oklahoma, 74119. Unless otherwise noted, references to Mr. Henry refer to Michael Henry (rather than Michael Shane Henry).

### JURISDICTION AND VENUE

14.     This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332, because there is complete diversity between the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs.

15.     As averred below, Defendants have also expressly consented to personal jurisdiction in this Court via a forum-selection clause in the Agreement. (Exh. A, § 13.10)

3

16.     As averred below, Defendants have also expressly designated venue in this Court via a forum-selection clause in the Agreement. (Exh. A, § 13.10)

*FACTS*

17.     Consilium owns real property at 5800 Diamond Avenue, Cleveland, Ohio 44104 (the "Property"). On that Property sits an approximately 179,740 square foot hydroponic greenhouse.

18.     In 2025, Consilium and Timberdell began discussing the prospect of Consilium selling the Property to Timberdell.

19.     Ultimately, on or about January 15, 2026, the parties reached an agreement by which Consilium would sell the Property to Timberdell for $8 million. Attached hereto as **Exhibit A** is a copy of the Real Estate Purchase Agreement.

20.     The Agreement was duly executed by Mr. Burow on behalf of Consilium and Mr. Switzer as "Authorized Representative" of Timberdell. Mr. Switzer and Mr. Henry also personally executed the Agreement as guarantors. (Exh. A at 12)

21.     In the Agreement, Timberdell agreed to purchase and acquire the Property from Consilium on "a date mutually agreed upon by Seller and Purchaser but in no event later than March 3, 2026." (Exh. A, §§ 1, 13.1)

22.     On that Closing Date, Timberdell was obligated to deliver to Consilium the $8 million purchase price, any state required real estate transfer tax return or filing, and any and all conveyance documents, duly executed by Timberdell. (Exh. A, § 9.2)

23.     If Timberdell defaulted in performance or observance of any obligation contained in the Agreement and failed to cure that default within 5 days of receiving written notice from Consilium, the Agreement entitles Consilium to seek any remedy at law or equity. (Exh. A, § 12.2)

4

24. The Agreement is governed and construed in accordance with the laws of the State of Delaware "without giving effect to any choice or conflict of law provision or rule." (Exh. A, § 13.10)

25. The Agreement provides that:

> Any legal suit, action, or proceeding arising out of or based upon the Agreement or the transactions contemplated hereby may be instituted in the federal courts of the United States of America or the courts of the State of Wisconsin, in each case located in Milwaukee County, Wisconsin, and each party irrevocably submits to the exclusive jurisdiction of such courts in any such suit, action, or proceeding.

(Exh. A, § 13.10)

26. The Agreement further provides that each party "irrevocably and unconditionally waives any right it may have to a trial by jury in respect of any legal action arising out of or relating to this Agreement or the transactions contemplated hereby." (Exh. A, § 13.10)

27. The Agreement provides that:

> In any action or proceeding instituted by a party arising in whole or in part under, related to, based on or in connection with this Agreement or the subject matter of this Agreement, the prevailing party will be entitled to receive from the non-prevailing party reasonable attorney's fees, costs and expenses incurred in connection therewith, including any appeals therefrom.

(Exh. A, § 13.14)

28. Mr. Henry and Mr. Switzer jointly and severally, unconditionally and irrevocably, personally guaranteed the performance of "all the payments, terms, provisions, covenants, and conditions by [Timberdell] to be performed under [the] Agreement." (Exh. A, § 13.15)

29. Further, Mr. Henry and Mr. Switzer agreed to pay all damages that may be sustained by Consilium in consequence of any default by Timberdell together with "all reasonable attorneys' fees, court costs and other expenses" incurred by Consilium in enforcing Timberdell's obligations under the Agreement. (Exh. A, § 13.15)

5

*Timberdell Attempts to Back Out of Closing*

30.     In anticipation of Closing the transaction as set forth in the Agreement, Consilium expended significant time and resources complying with its obligations to ensure that Closing would occur on or before March 3, 2026.

31.     On March 2, 2026, Mr. Henry emailed Mr. Burow that Timberdell was unable to secure final funding to close the following day and would not be able to consummate the transaction.

32.     Prior to Mr. Henry's March 2, 2026 communication, Timberdell had represented to Consilium several times that the necessary funds were available.

33.     The Agreement does not contain a funding or financing contingency, and Timberdell's obligation to close was not contingent on securing financing.

34.     In response, on March 2, 2026, Mr. Benjamin Streckert, a representative of Consilium, informed Mr. Henry that Consilium had complied with its obligations under the Agreement and was ready, willing, and able to close on March 3, 2026 as set forth in the Agreement.

35.     Mr. Streckert also informed Mr. Henry that Timberdell was obligated under the Agreement to close the transaction on March 3, 2026.

36.     Mr. Streckert further informed Mr. Henry that if Timberdell did not close the transaction, Consilium would promptly deliver a notice of default and that if Timberdell failed to cure its default within the 5-day cure window, Consilium would file suit against Timberdell to enforce the Agreement.

37.     On March 3, 2026, Consilium had satisfied all its obligations under the Agreement and was prepared to close the transaction.

6

38. At approximately 10:31 AM on March 3, 2026, Consilium once again emailed Timberdell confirming that Consilium had satisfied all its obligations to close in accordance with the Agreement and informing Timberdell that Consilium was ready, willing, and able to close transaction.

39. Timberdell did not respond to Consilium's March 2 or March 3 communications.

40. After the close of business on March 3, 2026, Consilium provided Timberdell a Notice of Purchaser's Default pursuant to Section 12.2 of the Agreement. Attached as **Exhibit B** is a copy of that default notice.

41. In the default notice, Consilium stated that Timberdell had failed to comply with its obligations under the Agreement and that it had five days from March 3, 2026 to cure its default by delivering the Purchaser's deliveries as required by Section 9.2 of the Agreement. (Exh. B) Consilium further noted that if Timberdell did not cure the default by March 8, 2026, Consilium would file suit. (*Id.*)

42. As of filing, Timberdell has not cured its default and has not consummated the closing as required by the Agreement.

### FIRST CLAIM FOR RELIEF
*(Against Timberdell)*
*Breach of Agreement and Specific Performance*

43. Consilium adopts by reference and incorporates as if set forth herein all preceding allegations.

44. The Agreement is a valid, enforceable contract.

45. Consilium has performed all its obligations under the Agreement and remains ready, willing, and able to undertake the Closing as contemplated by the Agreement.

7

46. Consilium has also satisfied all conditions to Closing that are capable of being satisfied prior to Closing.

47. Consilium gave notice to Timberdell that Consilium had satisfied all conditions to Closing set forth in the Agreement and is ready, willing, and able to consummate the Closing.

48. Despite its obligations to proceed to Closing, Timberdell refused to continue with Closing.

49. Timberdell has thus refused to abide by its obligations and has unilaterally breached the Agreement in numerous ways, including by failing to deliver the Purchaser's deliveries by March 3, 2026 (including, without limitation, the purchase price) as required by Section 9.2 of the Agreement. (Exh. A, § 9.2)

50. Consilium has suffered and continues to suffer irreparable harm as a result of Timberdell's failure perform its obligations, including the loss of a unique opportunity to close the transaction and sell the Property.

51. Consilium is entitled to and hereby seeks an order requiring Timberdell to consummate the Closing as agreed-to by the parties in the Agreement.

52. The balance of the equities weighs in Consilium's favor as Timberdell, a sophisticated party, agreed to close the purchase of the Property only to pull away from the transaction at the 11th hour despite lacking any right to do so under the Agreement. Timberdell has no excuse, privilege, or justification for breaching the Agreement and refusing to close the transaction as agreed upon.

53. Pursuant to Section 13.14 of the Agreement, Consilium seeks all reasonable attorney's fees, costs, and expenses incurred in connection with this action. (Exh. A, § 13.14)

8

54. Consilium also seeks all incidental damages associated with Timberdell's refusal to close the transaction, including, but not limited to, holding/carrying costs, taxes, fees, and insurance.

### SECOND CLAIM FOR RELIEF
**(Against Timberdell, Michael Henry, and Barry Swtizer)**
**Damages for Breach of Agreement**

55. Plaintiff adopts by reference and incorporates as if set forth herein all preceding allegations.

56. The Agreement is a valid enforceable contract.

57. In the Agreement, Mr. Henry and Mr. Switzer jointly and severally, unconditionally and irrevocably personally guaranteed the performance of "all the payments, terms, provisions, covenants, and conditions by [Timberdell] to be performed under [the] Agreement." (Exh. A, § 13.15)

58. Mr. Henry and Mr. Switzer agreed to pay all damages that may be sustained by Consilium in consequence of any default by Timberdell together with "all reasonable attorneys' fees, court costs and other expenses" incurred by Consilium in enforcing Timberdell's obligations under the Agreement.

59. Mr. Henry's and Mr. Switzer's guarantees are valid, enforceable obligations.

60. Consilium fully performed its obligations under the Agreement and satisfied all conditions to closing set forth in the Agreement.

61. Timberdell materially breached the Agreement by refusing to perform the unambiguous contractual obligations thereunder, including, but not limited to, refusing to close the transaction by March 3, 2026 and failing to deliver the purchase price as set forth in the Agreement.

9

62. Timberdell's refusal to close the transaction has caused significant monetary damage to Consilium, including, but not limited to, the loss of an $8 million sale and holding costs associated with the Property.

63. Timberdell's breaches triggered Mr. Henry's and Mr. Switzer's guarantee obligations.

64. To date, neither Mr. Henry nor Mr. Switzer have fulfilled their guarantee responsibilities.

65. Consequently, Mr. Henry and Mr. Switzer have materially breached their guarantees.

66. Neither Mr. Henry nor Mr. Switzer have been excused from any of their duties and obligations, and their failure to meet their obligations under the guarantees is indefensible.

67. Consilium has suffered, and will continue to suffer, harm as a direct and proximate cause of Timberdell's, Mr. Henry's, and Mr. Switzer's respective breaches.

68. Under the Agreement, Mr. Henry and Mr. Switzer are personally liable for the damages caused by Timberdell, as well as the cost of enforcement.

WHEREFORE, for the foregoing reasons, Plaintiff Consilium Tech Cleveland RE LLC demands judgment against Defendants Timberdell Farms, LLC, Michael Henry, and Barry Switzer as follows:

A. An order directing Timberdell Farms, LLC to specifically perform its obligations under the Agreement, including its obligations to take all actions necessary to close the transaction;

B. In the alternative, ordering Defendants to pay Plaintiff all actual, compensatory, consequential, and incidental damages incurred;

10

C.    Requiring Defendants to pay Plaintiff all costs and expenses incurred in connection with this lawsuit, including, but not limited to, attorneys' fees; and

D.    Such other relief as the Court may find equitable and just.

Dated: March 24, 2026.

By:    *Electronically signed by Erin E. Rome*
Erin E. Rome
State Bar Number 1083092
Cathleen A. Dettmann
State Bar Number 1048315
Stafford Rosenbaum LLP
222 West Washington Avenue, Suite 900
P.O. Box 1784
Madison, WI 53701-1784
Email: erome@staffordlaw.com
cdettmann@staffordlaw.com
608-256-0226
*Attorneys for Plaintiff Consilium Tech Cleveland RE LLC*

11