# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

CONSILIUM TECH CLEVELAND RE LLC,

     **Plaintiff,**

     **v.**                                 **Case No. 26-CV-480-SCD**

TIMBERDELL FARMS, LLC,
MICHAEL HENRY, and
BARRY SWITZER,

     **Defendants.**

---

## ORDER GRANTING DEFENDANTS' MOTION TO SET ASIDE DEFAULT

---

Consilium Tech Cleveland RE LLC has sued Timberdell Farms, LLC; Michael Henry; and Barry Switzer in federal court for allegedly backing out of a $8 million real estate deal. *See* Compl., ECF No. 1. The clerk of court entered default after the defendants failed to file a responsive pleading within twenty-one days of being served with the summons and complaint. *See* Fed R. Civ. P. 12(a)(1)(A)(i); Fed. R. Civ. P. 55(a). Default judgment has not been entered. *See* Fed. R. Civ. P. 55(b). The defendants have moved to vacate the default under Rule 55 of the Federal Rules of Civil Procedure. *See* Defs.' Mot., ECF No. 11. Consilium opposes the motion. *See* Pl.'s Br., ECF No. 14.

The defendants first argue that entry of default was improper as to Henry because he was not properly served with a summons and a copy of Consilium's complaint.[1] Rule 55(a) provides that "[w]hen a party against whom a judgment for affirmative relief is sought has

---

[1] The defendants do not contest service as to Timberdell Farms or Switzer. *See* Defs.' Reply, at 1, 4–6, ECF No. 18.

failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." "A party who moves for default under Rule 55(a) 'has the burden of showing that service of process was property effected consistent with Rule 4 of the Federal Rules of Civil Procedure.'" *Wold v. Robart*, No. 17-cv-252-pp, 2018 WL 1135396, 2018 U.S. Dist. LEXIS 32403, at *5 (E.D. Wis. Feb. 28, 2018) (quoting *Geraci v. Everhart*, No. 09-C-433, 2009 WL 3446193, 2009 U.S. Dist. LEXIS 105084, at *6 (E.D. Wis. Oct. 23, 2009)). Under Rule 4, an individual like Henry may be served within the U.S. in any of four ways: (1) "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made"; (2) "delivering a copy of the summons and of the complaint to the individual personally"; (3) "leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there"; or (4) "delivering a copy of each to an agent authorized by appointment or by law to receive service of process." Fed. R. Civ. P. 4(e).

In support of its motion for entry of default, *see* ECF No. 8, Consilium pointed to an affidavit of service indicating that Henry was served on March 30, 2026, via substituted service at Henry + Dow Law, his son's Oklahoma law firm, *see* Rome Decl., ¶ 3, ECF No. 9 (citing ECF No. 5). The defendants contend that leaving the summons and complaint with the law firm was improper because Oklahoma law requires either personal service or service at the person's home. However, like Rule 4, Oklahoma law also permits "delivering a copy of the summons and of the petition to an agent authorized by appointment or by law to receive service of process." Okla. Stat. tit. 12, § 2004(C)(1)(c)(1). While the defendants insist that "the firm did not agree to accept service on behalf of Mr. Henry," Defs.' Mot., at 4, the process server swears that a paralegal at the law firm confirmed that she was authorized to accept

service of the summons and complaint directed at Henry, *see* Remington Decl., ¶ 5, ECF No. 16. And the defendants cite no *evidence* to refute the process server's sworn statement. *See* Defs.' Mot., at 9–11; Henry Decl., ECF No. 11-3; Defs.' Reply, at 4–6. Thus, it appears the clerk properly entered default under Rule 55(a).[2]

The defendants also seek to set aside the default under Rule 55(c). Rule 55(c) permits a court, within its discretion, to "set aside an entry of default for good cause." To set aside an entry of default, the defendants must show "(1) good cause; (2) quick action to correct it; and (3) 'an arguably meritorious defense to the lawsuit.'" *Escamilla v. United States*, 62 F.4th 367, 372 (7th Cir. 2023) (quoting *Parker v. Scheck Mech. Corp.*, 772 F.3d 502, 505 (7th Cir. 2014)). "Importantly, 'Rule 55(c) requires good cause for the judicial action, not good cause for the defendant's error[.]'" *Id.* (quoting *Sims v. EGA Prods. Inc.*, 475 F.3d 865, 868 (7th Cir. 2007)). The Seventh Circuit has explained that good cause "can mean failing to respond to a summons or complaint through inadvertence (rather than willfully ignoring pending litigation)." *Norman v. City of Lake Station*, 845 F. App'x 459, 460 (7th Cir. 2021) (citing *Cracco v. Vitran Express, Inc.*, 559 F.3d 625, 630–31 (7th Cir. 2009)). The court has also explained that a meritorious defense means "more than bare legal conclusions . . . but less than a definitive showing that the defense will prevail." *Id.* (quoting *Parker*, 772 F.3d at 505).

The defendants have satisfied all three requirements for setting aside an entry of default under Rule 55(c). First, the defendants—who are not sophisticated real estate investors—have shown good cause for the judicial action. Henry swears that the defendants' failure to file a timely answer was based on weekly discussions with one of Consilium's owners about avoiding further litigation and focusing efforts on securing financing for the deal—exactly

---

[2] Perhaps the paralegal mixed up the father (Michael Ray Henry) and the son (Michael Shane Henry).

3

what the company seeks via this lawsuit. *See* Henry Decl., ¶¶ 6–8. Even if Henry misunderstood what the owner had said, that honest mistake does not reflect a willful refusal to litigate. Second, the defendants acted quickly when they learned of the default, moving to set it aside just eleven days later and the same day they retained counsel.[3] *See Norman*, 845 F. App'x at 460–61 (finding the prompt-action requirement satisfied where defendants "moved to vacate the default in less than two weeks"). Consilium has not claimed any prejudice from that short delay. Finally, the defendants have presented a potential meritorious defense to the lawsuit. They assert that Consilium "has not suffered *any* damages at all," Defs.' Mot., at 9 (emphasis added), and damages is an element of the company's breach-of-contract claim, *see 37celsius Cap. Partners, L.P. v. Intel. Corp.*, 163 F.4th 421, 427 (7th Cir. 2025) (citing *Humanigen, Inc. v. Savant Neglected Diseases, LLC*, 238 A.3d 194, 202 (Del. Super. Ct. 2020)). "Given the 'lenient standard' for applying Rule 55(c) and the 'policy of favoring trial on the merits,'" *Parker*, 772 F.3d at 505 (quoting *Cracco*, 559 F.3d at 631), I find that the defendants have sufficiently demonstrated that the clerk's entry of default should be set aside.

Consilium argues that, if the default is vacated, then the company should be awarded its attorney fees in pursuing the default and in opposing the defendants' motion to set it aside. The defendants have agreed to pay the fees associated with the two-sentence motion for entry of default and the two-page supporting declaration. *See* Defs.' Reply, at 7–9. However, the defendants resist paying the fees related to Consilium's fourteen-page response brief, insisting that further sanctions are unwarranted in this case. I agree. Consilium has not claimed any prejudice from the brief delay, appears to have ignored the defendants' efforts to compromise the default issue without further litigation, and should have recognized that the defendants'

---

[3] Consilium moved for entry of default on April 22, 2026—just two days after the defendants' answer was due.

4

motion was likely to succeed given the lenient good cause standard. Thus, I will not require the defendants to pay the costs and fees associated with the company's response brief.

Accordingly, for all the foregoing reasons, the court **GRANTS** the defendants' motion to set aside default, ECF No. 11. The clerk of court shall vacate the default entered on April 23, 2026. The defendants shall pay the costs and fees related to the plaintiff's motion for entry of default, ECF No. 8, and supporting declaration, ECF No. 9. The plaintiff shall submit proof of those expenses within seven days of the date of this order. The defendants may have until fourteen days from the date of this order to respond to the plaintiff's complaint.

**SO ORDERED** this 30th day of June, 2026.

STEPHEN C. DRIES
United States Magistrate Judge

5